UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re : | CHAPTER 11 |
| LIQUIDATING TRUST OF RESMAE MORTGAGE CORPORATION, f/k/a RESMAE MORTGAGE CORPORATION, : : : | |
| Debtor. : : | Bankruptcy No. 07-10177 (KJC) |

# MEMORANDUM[1]

**BY: KEVIN J. CAREY, UNITED STATES BANKRUPTCY JUDGE**

Before the Court is the fourth in a series of motions filed, pro se, by Antonios Damigos, entitled "Motion to Deny Bankruptcy Protection."[2] The Liquidation Trust of Resmae Mortgage Corporation (the "Liquidation Trust") filed an Objection to the Fourth Motion (docket no. 605).

## BACKGROUND

The First Motion, with accompanying papers, was filed on May 22, 2007 and alleges, in part, that the ResMAE Mortgage Corporation (the "Debtor") made a mortgage loan to Mr. Damigos in December 2006 and, in connection therewith, agreed that, for the first two years of the loan, monthly payments would be applied two-thirds to interest and one-third to principal (the "Allocation Agreement"). Subsequently, the mortgage loan was sold and is now being serviced by Select Portfolio Servicing, Inc. ("SPS").

---

[1] This court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b) and 28 U.S.C. §157(a). This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(F), (N) and (O).

[2] These four motions are found on the docket at nos. 428 (the "First Motion"), 536 (the "Second Motion"), 548 (the "Third Motion") and 561 (the "Fourth Motion"). Only the First Motion and the Fourth Motion were scheduled for hearing.

At the June 20, 2007 hearing on the First Motion, at which Mr. Damigos appeared *pro se* and participated, Mr. Damigos was told that the Court denied the First Motion, without prejudice to any right he had to pursue claims against SPS in any court of competent jurisdiction or against the Debtor in this Court. (*See* Tr. June 20, 2007 at 12-13). The parties were asked to confer and submit a form of order embodying this ruling.

Despite this ruling, Mr. Damigos demanded that a $1 million bond be posted in his favor and he prepared a proposed form of order so providing. On June 29, 2007, the Liquidation Trust submitted a Certification of Counsel (docket no. 539), attaching both the proposed form of order as agreed to by the Liquidation Trust and the Debtor, and the proposed form of order as prepared by Mr. Damigos.

Meanwhile, on June 25, 2007, Mr. Damigos filed the Second Motion. The Second Motion states that it is an affidavit by the movant to "reinforce the motion for the court to deny bankruptcy protection." The Second Motion also states that Mr. Damigos did not receive the Debtor's Objection to the First Motion,[3] demands proof of service, requests that the Debtor's case be dismissed, and requests that the Debtor's counsel be indicted for perjury. The Second Motion was not scheduled for a hearing.

On June 28, 2007, Mr. Damigos filed the Third Motion. The Third Motion suggests that at the June 20, 2007 hearing, the Court instructed the parties to meet and confer with respect to the amount of a bond to be posted in favor of Mr. Damigos, and further alleges that the Debtor's attorneys refused to speak with Mr. Damigos about the bond. The Third Motion requests a

---

[3]The "Objection Of Debtor and Debtor In Possession to Motion To Deny Bankruptcy Protection" was filed at docket no. 505 on June 13, 2007.

hearing to discuss the matter of a bond, but the Third Motion was not scheduled for a hearing.

On July 2, 2007, the Court entered an order denying the First Motion (docket no. 550) (the "First Order"). The First Order essentially is identical to the form of order proposed by the Debtor and the Liquidation Trust, except that the Court included a statement that the movant's proposed order failed to reflect accurately the Court's ruling at the First Hearing, *i.e.*, that the Court did not rule Mr. Damigos was entitled to a bond. The First Order was not appealed.

On July 3, 2007, Mr. Damigos filed the Fourth Motion. Attached to the Fourth Motion was a copy of the Second Motion and a "Certification of Plaintiff" (*i.e.*, Mr. Damigos). In the Fourth Motion, Mr. Damigos again alleges that the Debtor failed to serve him with the Debtor's objection to the First Motion, thereby violating his constitutional rights. He requests a hearing, requests permission to bring his "RICO" claims against the Debtor in a jury trial, and demands the posting of a bond in his favor.

A hearing on the Fourth Motion was held on August 16, 2007, at which Mr. Damigos appeared *pro se* and participated.

On September 5, 2007, Mr. Damigos filed yet another document entitled, "Second Affidavit of Support of Fourth Motion to Deny Bankruptcy and an Order for Defendants to Produce Proof of Service" (the "Second Affidavit")(docket no. 648), reiterating his demand for "proof of service," among other things.

## DISCUSSION

The Debtor filed its chapter 11 petition on February 12, 2007. On March 26, 2007, the Court entered its Order Establishing Bar Dates for Filing Proofs of Claim and Approving Form and Manner of Notice Thereof (docket no. 234) (the "Bar Date Order"), establishing that all

3

proofs of claim, except for proofs of claim filed by governmental units, must be received by the Debtor's claims and noticing agent, Kurtzman Carson Consultant LLC ("KCC"), on or before April 30, 2007 at 5:00 pm. (PT) (the "General Bar Date"). The Bar Date Order fixed August 13, 2007 at 5:00 p.m. (PT) as the deadline for KCC to receive all proofs of claim from governmental units (the "Governmental Unit Bar Date"). KCC mailed a proof of claim form substantially similar to Official Form No. 10 (the "Proof of Claim Form") to all of the Debtor's known creditors, including Mr. Damigos. Pursuant to the Bar Date Order, KCC also published notice of the General Bar Date and the Governmental Unit Bar Date in *The New York Times* (national edition).

There is no evidence that Mr. Damigos filed a proof of claim.

On March 30, 2007, the Debtor filed the Disclosure Statement with Respect to Plan of Reorganization of the Debtor Proposed by the Debtor and Sponsored by RMC Mortgage Holdings, LLC, dated March 30, 2007 (docket no. 252) (as supplemented, modified, or amended, the "Disclosure Statement"). The Disclosure Statement describes the Debtor's history and the terms of the "Plan of Reorganization Proposed by the Debtor and RMC Mortgage Holdings, LLC" (docket no. 251) (as supplemented, modified or amended, the "Plan"). Among other things, the Plan provides for the transfer of the Trust Property to the Liquidation Trust for distribution in accordance with the terms of the Plan, Confirmation Order and the Trust Agreement. *See* Plan, Art. VIII.[4]

The Plan also provides that on the Effective Date the Debtor will be discharged to the

---

[4]Some capitalized terms, such as "Trust Property," that are not defined herein refer to those terms as defined in the Plan.

4

fullest extent provided by Bankruptcy Code §1141 from any Claim that arose before the Effective Date. *See* Plan, Section 15.1. In addition, the Plan and the Confirmation Order provide that the automatic stay shall remain in place until a final decree is entered in the Debtor's bankruptcy case. A final decree has not yet been entered.

Mr. Damigos's various motions and filings, while somewhat confusing and expansive in their assertions, all make clear that he believes himself to have been defrauded by the Debtor and wants to pursue claims against the Debtor, (and others) elsewhere. However, Mr. Damigos has failed to produce any credible evidence of the Allocation Agreement he asserts was violated by the Debtor. The First Order was not appealed. None of Mr. Damigos subsequent filings raise any new or meritorious basis for relief of any kind. Moreover, Mr. Damigos, due to his failure to file a proof of claim, currently has no legally cognizable pre-petition claim against the Debtor.[5]

In any event, whether they be considered supplements to the First Motion, requests for reconsideration of the First Order[6] or new requests for relief, all such motions, including the Second Motion, Third Motion, the Fourth Motion and the Second Affidavit are without merit and will be denied.

---

[5] It may be that there are other avenues for relief available to Mr. Damigos in this Court, for example, filing a motion for permission to file a late claim. Mr. Damigos may also have other options.

[6] A motion to alter or amend a judgment under Rule 59(e) of the Federal Rules of Civil Procedure, which is applicable to this proceeding pursuant to Fed.R.Bankr.P. 9023, must be grounded on (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice. *North River Ins. Co. v. Cigna Reinsurance Co.*, 52 F.3d. 1194,1218 (3rd Cir. 1995), *Harsco Corp. v. Zlotnicki*, 779 F.2d. 906, 909 (3rd Cir. 1985). Parties should not use a motion for reconsideration as an opportunity to relitigate issues the court has already decided. *Smith v. City of Chester*, 155 F.R.D. 95, 97 (E.D. Pa. 1994). The Second Motion, Third Motion and Fourth Motion do not contain any assertions that would provide a basis for reconsideration of the First Order under this standard.

An appropriate order follows.

BY THE COURT:

KEVIN J. CAREY
UNITED STATES BANKRUPTCY JUDGE

Dated: November 26, 2007